IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

LASHONDA SPRINGS,                    )
                                     )
            Plaintiff,               )
                                     )
       v.                            )        CV 125-287
                                     )
REWORLD SOLUTIONS, LLC d/b/a         )
Reworld Waste LLC,                   )
                                     )
            Defendant.               )

_____

**O R D E R**

_____

Defendant moves to stay all discovery related activities pending resolution of its motion to dismiss.  Plaintiff opposes the motion.  (Doc. no. 28.)  For the reasons set forth below, the Court **GRANTS** the motion to stay.  (Doc. no. 22.)

The "[C]ourt has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case."  Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997).  Before deciding to stay discovery, the Court should:

> balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery.  It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Id. (internal citation and quotation omitted).

Based on a preliminary peek at the dispositive motion from Defendant, the Court finds an immediate and clear possibility of a ruling "which may be dispositive of some important

aspect of the case." Indeed, the motion seeks dismissal of all claims. (<u>See</u> doc. no. 11.) Moreover, although Plaintiff opposes dismissal and argues Defendant's motion to dismiss is not clearly meritorious, (doc. no. 28, pp. 2-4), a review of the face of the pleadings reveals the defense motion is not as toothless as Plaintiff contends, (<u>see</u> doc. nos. 20, 30.) Furthermore, the motion to dismiss raises critical threshold legal issues, like res judicata, that are more appropriately resolved before discovery begins. It makes little sense to forge ahead with discovery before resolution of these preliminary matters because of the risk of wasting time and money. Additionally, Plaintiff's prejudice argument does not sufficiently move the needle when considering the potential for unnecessary expense by both parties should the dispositive motion be granted.

In sum, when balancing the costs and burdens to the parties, the Court concludes discovery should be stayed pending resolution of the motion to dismiss. <u>See</u> <u>Chudasama v. Mazda Motor Corp.</u>, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins." (footnote omitted)); <u>see also</u> <u>Moore v. Potter</u>, 141 F. App'x 803, 807-08 (11th Cir. 2005) (<i>per curiam</i>) ("[D]elaying a ruling on the motion to dismiss 'encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs . . . . [A]ny legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.'").

Thus, the Court **STAYS** all aspects of discovery in this action pending resolution of Defendant's motion to dismiss. Should any portion of the case remain after resolution of the motion, the parties shall confer and submit a Rule 26(f) Report, with proposed case deadlines, within seven days of the presiding District Judge's ruling. In the event the presiding District

2

Judge, in his ruling on the pending dispositive motion, provides further instructions to the parties that justifies continuation of the stay, the parties shall inform the undersigned to that effect in a status report to be filed within seven days of the presiding District Judge's ruling. Because the Court stays discovery, the Court **DIRECTS** the **CLERK** to **TERMINATE** the motion associated with the Rule 26(f) Report filed simultaneously with the motion to stay discovery. (Doc. no. 23.)

SO ORDERED this 8th day of April, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA